## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAREY ABNEY,** : | |
| **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 20-CV-4680** |
| : | |
| **JOHN WETZEL,** *et al.*, : | |
| **Defendants.** : | |

### MEMORANDUM

**JONES, J.**                                                                                       **NOVEMBER 23, 2020**

Plaintiff Carey Abney, a prisoner currently incarcerated at SCI Phoenix, brings this civil action pursuant to 42 U.S.C. § 1983 based on allegations that his constitutional rights were violated with respect to his medical care. Abney seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Abney leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

### I. FACTUAL ALLEGATIONS

Abney's Complaint raises claims pursuant to 42 U.S.C. § 1983 against John Wetzel (identified in the Complaint as the "Pa. DOC. Secretary"), K. Sorber (SCI Phoenix Superintendent), Well-Path (a/k/a Correct Care Solutions), Ms. Sipple (Deputy Superintendent for Centralization at SCI Phoenix), Ms. G. Orlando (SCI Phoenix Grievance Coordinator), SCI Phoenix Medical Department, and Ms. Dorina Verner (Pa.DOC Grievance Official) in their official and individual capacities. (ECF No. 2 at 3-5, 30-31.)[1] According to his Complaint, although the "entire medical deliberate indifference" to his medical needs commenced a few

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

1

years prior to his commencement of this action, the indifference became very severe in May of 2019 when "it became apparent [that] all defendants acts and omission . . . could trigger [his] untimely death." (*Id.* at 32.)  Abney avers that he infinitely complained to "all defendants" that he was suffering extreme pain in his groin and abdominal region. (*Id.*)  Abney further asserts that during the summer and fall of 2019, Sipple made medical decisions that were "a direct link to the deliberate indifference" he experienced because Sipple lacked the proper skills, education, and training to make medical decisions. (*Id.* at 32-33.)

Abney saw his urologist, Dr. Manfrey, on March 27, 2019 but contends that his doctor "couldn't do anything because a medical order for a CT-scan was not complied" with. (*Id.* at 34.)  However, Abney notes that a CT-scan was conducted on May 1, 2019, and he was examined at Hahnemann Hospital on May 17, 2019. (*Id.*)  On June 28, 2019, Abney saw Dr. Manfrey who "diagnosed [him] with a cyst on [his] kidney." (*Id.*)

Because his pain was "unbearable," Abney submitted a medical grievance (No. 834390) on November 10, 2019. (*Id.* at 33.)  On November 18, 2019, his medical grievance was denied by Sipple, and affirmed by Orlando. (*Id.*)  The Superintendent of SCI Phoenix affirmed Sipple's findings on December 10, 2019 and Abney subsequently appealed to the Pennsylvania Department of Corrections. (*Id.*)  On January 29, 2020, the Pennsylvania Department of Corrections affirmed "with no further action." (*Id.*)  According to the Complaint, Abney followed up with further appeals and documents on January 30, 2020, February 4, 2020, and April 1, 2020. (*Id.* at 33-34.)

Abney states that the urological symptoms he experienced "are often indicative of a serious urologic condition (one that can not be identified by non-medical defendants like Sipple, Orlando, the Warden and Dorina) . . . which could have long term consequences to [his] health."

(*Id.* at 34.)  Abney further asserts that he "may be suffering correlating symptoms, severe pain, voiding difficulties, passing blood instead of urine, bladder, or prostate cancers and infection, incontinence and urethral strictures." (*Id.*)  Abney contends that the defendants "failed to follow doctors orders" and prevented him from receiving "adequate care and treatment" which could have "long term consequences" to his health and quality of life. (*Id.* at 34-35.)  Abney asserts that there was "no medical reason to delay" him from referral to "a urologist beyond at least a two week period." (*Id.* at 35.)  Abney states that the "significant delay in referring [him] to a urologist is due to the multi-layered extensive BUREAUCRATIC authorization protocol" at SCI Phoenix where medical treatment has "to be approved by higher level authority." (*Id.*)  Abney further avers that he is under a conservative plan of treatment and the delay in medical care is "a DEVIATION from general accepted standards and protocol" and decisions were made "by non-medical factors and authorization." (*Id.*)  Abney avers "pain and suffering for over two years" and seeks $50,000 in money damages as well as "punitive damages upon any and all matters this court [deems] would be appropriate to receive." (*Id.* at 6.)

Abney has attached a copy of his Official Inmate Grievance (No. 834390) dated November 10, 2019 to his Complaint. (*Id.* at 36.)  The grievance form indicates that Abney has "complained about pain in [his] lower left abdomen and groin area" from March 16, 2016 through October 30, 2019. (*Id.*)  In the grievance, Abney asserts that he has received treatment from several medical personnel during that time period, but he needs "medical treatment that the Medical Department here, either will not or cannot provide" and states that his "medical condition requires immediate attention because the pain is getting worse." (*Id.*)

Abney has also attached a copy of an Initial Review Response to his grievance dated November 18, 2019. (*Id.* at 24-25.)  The response notes that Abney's medical chart was

3

reviewed, and he is seen regularly by providers for sick call and chronic clinic for several unresolved chronic conditions. (*Id.* at 24.) Abney has a small hernia and has been referred for an ultrasound of the left inguinal pending authorization from Wellpath and "[s]everal physicians have recommended the use of a hernia belt for which [Abney] refuse[s] to accept or use." (*Id.*) Based on recent examinations and testing, it was noted that Abney was not in immediate danger and was receiving routine medical treatment and pain management assistance. (*Id.*) His grievance was denied by Sipple and approved by Orlando. (*Id.*) The response further indicates that Abney was not adhering to prescribed durable medical devices and was not fully medication compliant. (*Id.*) Abney disagreed with Sipple's assessment of the circumstances and appealed the decision (*Id.* at 26-27), but the denial of the grievance was upheld by Ferguson on December 10, 2019. (*Id.* at 28).

## II.  STANDARD OF REVIEW

The Court will grant Abney leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Abney is proceeding *pro*

---

[2] However, as Abney is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

*se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Against the SCI Phoenix Medical Department

Abney names as a Defendant the SCI Phoenix Medical Department. A state prison's medical department may not be sued under § 1983 because it is not a person. *See Ruff v. Health Care Adm'r*, 441 F. App'x 843, 845-46 (3d Cir. 2011) (holding that district court properly dismissed claims against prison medical department because it was not a person under § 1983); *see also Baumbach v. Mills*, Civ. A. No. 18-15008, 2019 WL 360532, at *2 (D.N.J. Jan. 29, 2019) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *United States ex rel. Gittlemacker v. County of Philadelphia*, 413 F.2d 84 (3d Cir. 1969). Accordingly, the SCI Phoenix Medical Department is dismissed with prejudice.

### B. Official Capacity Claims

The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment.[3] *A.W.*, 341 F.3d at 238; *see*

---

[3] However, state officials sued in their individual capacities are "persons" within the meaning of Section 1983. *See Hafer*, 502 U.S. at 31. Thus, the Eleventh Amendment does not bar suits for

5

*also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).  Because the Pennsylvania Department of Corrections is a part of the executive department of the Commonwealth of Pennsylvania, its employees share in the Commonwealth's Eleventh Amendment immunity to the extent that they are sued in their official capacities.  *See Will*, 491 U.S. at 71; *see also Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000).  As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its departments, as well as its officials sued in their official capacities, are immune from suits filed in federal court.  Accordingly, the Court will dismiss with prejudice Abney's damages claims against the individual Defendants in their official capacities.

### C.  Claims Against Well-Path

The claims Abney seeks to pursue against Well-Path (a/k/a Correct Care Solutions) must be dismissed pursuant to § 1915(e)(2)(B).  The United States Court of Appeals for the Third Circuit has held that "a private health company providing services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'"  *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (quoting *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003)).  Rather, in order to hold a private health care company like Well-Path liable for a constitutional violation under § 1983, Abney must allege the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]."  *Natale*, 318 F.3d 575, 583-84 (citing *Bd. of the Cty. Comm'rs of Bryan Cty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *see also Lomax v. City*

---

monetary damages brought under Section 1983 against state officials in their individual capacities.  *Id.*

*of Philadelphia*, Civ. A. No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) ("Because [defendant] is a private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.") (citations and quotations omitted). To assert a plausible claim under § 1983 against this type of entity, the plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (citation omitted).

Abney fails to allege any facts demonstrating that any perceived deficiency in his medical treatment resulted from Well-Path's policies, practices, or customs, or that any such policy or custom was the "moving force behind the injury alleged." *Berg v. County of Allegheny*, 219 F.3d 261, 275-76 (3d Cir. 2000) (*quoting Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997)) ("Once a § 1983 plaintiff identifies a municipal policy or custom, he must 'demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged.'"). Abney has not tied any of the conduct or conditions of which he complains to a custom or policy of Well-Path and has not alleged that Well-Path failed to supervise, train or discipline any individual involved in the deprivation of Abney's rights. Accordingly, Abney has not stated a plausible claim against Well-Path and the claims against it must be dismissed. However, because the Court cannot say at this time that Abney could never state a plausible claim based on a policy or custom, the claims will be dismissed without prejudice, and Abney will be granted leave to file an amended complaint to attempt to cure the defects discussed above.

### D.  Claims Based Upon Medical Treatment

Abney asserts medical deliberate indifference claims against "all defendants."  However, other than some factual assertions as to Sipple in connection with the denial of a grievance, Abney has made no substantive allegations concerning these defendants.  Abney is obligated to explain how each individual named as a Defendant was personally involved in the violation of his constitutional rights, whether due to the prison official's own misconduct or the official's deliberate indifference to known deficiencies in a policy or procedure that violated Abney's rights.  *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015).

In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (quotations omitted); *see also Iqbal*, 556 U.S. at 676 (explaining that " [b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  Abney has made no allegations describing how any of the individual defendants were personally responsible for any alleged constitutional violations with respect to his medical care.  Thus, the allegations are insufficient to put that person on notice to prepare a defense, and the Complaint does not ensure that the Court is sufficiently informed of the facts to determine the relevant legal issues.

In order to state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that a defendant was deliberately indifferent to his serious

medical needs. [4]  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.  "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).

Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment."  *Bearam v. Wigen*, 542 F. App'x 91, 92 (3d Cir. 2013) (per curiam) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)); *see also Montgomery v. Aparatis Dist. Co.*, 607 F. App'x 184, 187 (3d Cir. 2015) (per curiam) ("Delay or denial of medical care violates the Eighth Amendment where defendants are deliberately indifferent to a prisoner's serious medical need.").  Moreover, "if a prisoner is under the care of medical experts . . . , a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."  *See Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004); *see also*

---

[4] It is unclear from the Complaint whether Abney was a pretrial detainee or convicted inmate at the time of the events in question.  (ECF No. 2 at 21.)  If he was a pretrial detainee, the Fourteenth Amendment governs his claims.  *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).  However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

*Carter v. Smith*, 483 F. App'x 705, 708 (3d Cir. 2012) (per curiam) ("Prison officials cannot be held to be deliberately indifferent merely because they did not respond to the medical complaints of a prisoner who was already being treated by the prison medical staff."). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* at 236.

Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Simple negligence is not a sufficient basis for a constitutional claim. *See Daniels v. Williams,* 474 U.S. 327, 328 (1986) (holding that official's mere negligence is not actionable under § 1983 because "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property").

Abney's deliberate indifference claims are not plausible as pled. He attempts to assert claims against "all defendants" without specifying which named Defendant personally acted to violate his rights and how each Defendant violated his rights. (ECF No. 2 at 32.) It is not clear from Abney's pleading what treatment he has received thus far, what treatment he is currently receiving, what treatment he believes he should receive that has been delayed, and what role each Defendant played in denying him that necessary medical care or treatment. That Abney appears to be raising claims based on a series of events spanning several years against multiple Defendants, possibly related to multiple medical conditions, adds to the difficulty in determining the factual basis upon which his deliberate indifference claims against each Defendant rests.

For those Defendants against whom Abney raises allegations, the allegations are too generalized to state a claim. For instance, he alleges that Sipple improperly made medical

10

decisions concerning his care, but he does not clarify what those decisions were or how they exhibited deliberate indifference to his medical needs by denying him necessary medical treatment. In sum, because Abney has failed to plausibly allege that the Defendants were aware of his need for medical care and how each was personally involved in the alleged delay or denial of medical care, his claims cannot proceed.

### E. Claims Regarding Grievances

Moreover, to the extent that Abney alleges a violation of his rights with respect to the denial of his grievance, this Court notes that claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, if Abney is attempting to raise claims based solely on the denial of his grievances, those claims are not plausible and will be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Abney leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Abney's claims against the SCI Phoenix Medical Department will be dismissed with prejudice. His claims against Well-Path and the individual defendants will be dismissed without prejudice because they are not plausible as alleged. The Court cannot, however, state that Abney could never allege plausible claims against Well-Path and the individual defendants in question. Accordingly, Abney will be permitted to file an amended complaint against these Defendants within thirty (30) days in the event he can state a plausible claim. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

An appropriate Order follows.

        **BY THE COURT:**

        ***/s/* C. Darnell Jones, II**
        **C. Darnell Jones, II   J.**